[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
STATE OF CONNECTICUT PAUL MARINO
 Date of Sentence May 20, 2001 Date of Application May 30, 2001 Date Application Filed May 31, 2001 Date of Decision May 28, 2002
Application for review of sentence imposed by the Superior Court, Judicial District of Ansonia/Milford at Milford.
Docket Number CR 99-35281.
 Thomas Farver Defense Counsel, for Petitioner Jean Marie Riccio
 Paul Gaetano Assistant State's Attorney, for the State.
Sentence Affirmed.
 BY THE DIVISION
CT Page 7564
The petitioner was originally charged with assault, if degree; reckless endangerment, 1st degree and unlawful discharge of a firearm.
These charges arose out of an incident on January 31, 1999 at about 11:14 p.m. at a pub in West Haven when the victim approached the petitioner's girlfriend and told her that his friend wanted to buy her a drink. The petitioner, overhearing the remark, became incensed and pointed a 40 mm handgun at the victim. The victim grabbed at the gun trying to push it away and it discharged with the bullet grazing his head.
Although the victim's injuries were not serious he was bleeding and required medical attention. The petitioner did have a permit for the weapon.
During jury selection, a judicial pre-trial was held and the petitioner pleaded guilty to attempted assault, 1st degree, with a court indicated sentence often years, execution suspended after three years (with probation) with the right to argue for less. It was also noted that he would plead to a pending operating under the influence charge and receive a concurrent sentence. (He had previously used the Alcohol Education program).
At the sentencing hearing, the Court was presented with close to forty letters from people in the community attesting to the petitioner's good character.
His attorney argues to this Division that in view of the numerous letters, the court should have imposed a lesser sentence. That argument is illogical.
The court did, in fact read the letters and, indeed, stated it knew many of the writers as upstanding citizens in the community and that those letters confirmed the court's assessment of the petitioner when it indicated it would impose a maximum term of incarceration of three years.
The court was also aware of an earlier incident on June 27, 1998, when he confronted a neighbor over fireworks being discharged. Words were exchanged and he allegedly fired shots over the head of the other person. The police were called and it was later determined that shell casings found at the scene came from the petitioner's gun. There was also a police complaint that in March 2000, he beat up a person at his pawnshop with that victim requiring medical treatment. CT Page 7565
This Division has no authority to reduce a sentence unless it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended. Connecticut Practice Book, § 43-28.
When reviewed according to the criteria indicated there is nothing remotely inappropriate or disproportionate about this sentence. It was more than fair and it is affirmed.
 ___________________ ___________________ ___________________
Klaczak, Norko and Miano, J.s, participated in this decision.